B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Shelly Marie Ewert<br>PO Box 208<br>Hazel Green, WI 53811 | **DEFENDANTS**<br>US Dept of Education<br>Nelnet (Servicer) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dustin Baker<br>Henkels & Baker, PC<br>2774 University Ave<br>Suite G<br>Dubuque, IA 52001<br>5635564060  Fax: 5635560805 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[**1**] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>Shelly Marie Ewert | | BANKRUPTCY CASE NO.<br>23-00280 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Iowa | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Dustin Baker<br>Dustin Baker |||
| DATE<br>July 3, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dustin Baker ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SHELLY M. EWERT, | ) | BANKRUPTCY #23-00280 |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| SHELLY M. EWERT, | ) | ADVERSARY # |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | COMPLAINT TO DETERMINE |
| | ) | DISCHARGEABLITY OF |
| U.S. DEPARTMENT OF EDUCATION, | ) | EDUCATIONAL LOAN |
| and NELNET (SERVICER) | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

Randi M. Meyer, Plaintiff herein, represented by undersigned counsel for her complaint against the Defendant, alleges as follows:

### I.  NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant, United States Department of Education, dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b).  This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

3. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

4. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. §157(b).

### III.   PARTIES

5. Plaintiff is a resident at PO Box 208, Hazel Green, Wisconsin.

6. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave, SW, Washington, DC 20202.

### IV.   STATEMENT OF FACTS

7. One of the unsecured debts owed by Debtor and listed in Schedule F is a student loan, owed to Defendant and serviced by Nelnet, for $8,450.00

8. This loan was incurred to pay educational expenses and to pay living expenses during the pursuit of her education.

### V.   DETERMINATION OF DISCHARGEABILITY

9. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

10. In the Eighth Circuit, courts employ a "totality of circumstances" test to determine whether repayment of student loan debt would cause an undue hardship. See, e.g., In re Long, 322 F.3d 549, 554 (8th Cir. 2003). The totality test for undue hardship looks to (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and their dependents' reasonably necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id.*

    i. Plaintiff's past, present, and reasonably reliable future financial resources are insufficient to make payments, in any amount, and maintain a reasonable standard of living.
    ii. Plaintiff's living expenses are reasonable.
    iii. For privacy purposes, additional facts and circumstances surrounding this particular case will be submitted directly to the assigned Assistant United States Attorney in Attestation form.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

/s/ Dustin Baker
Henkels & Baker, PC
2774 University Ave., Suite G
Dubuque, IA  52001
Phone: (563)556-4060
Fax:(563)556-0805
Email: dustin@henkelsbaker.com