UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SHELLY MARIE EWERT,<br><br>　　Debtor<br>_____<br><br>SHELLY MARIE EWERT,<br><br>　　Plaintiff<br>vs.<br>UNITED STATES DEPARTMENT<br>OF EDUCATION,<br>NELNET,<br><br>　　Defendants | Chapter 7<br><br>Bankruptcy No. 23-00280<br><br><br><br><br><br>Adversary No. 23-09035 |

### ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO CHANGE VENUE

The matter before the Court is the United States Department of Education's ("DOE") Motion to Dismiss Adversary Proceeding, or in the alternative Motion to Change Venue from Northern District of Iowa to Western District of Wisconsin (Doc. 3). The Court held a hearing with Dustin Baker representing Debtor/Plaintiff Shelly Ewert and Martin McLaughlin for the DOE. The Court took the matter under advisement upon the papers and arguments submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## I. STATEMENT OF THE CASE

On April 10, 2023, Shelly Marie Ewert filed her Chapter 7 voluntary bankruptcy petition in the Northern District of Iowa under Case Number 23-00280. The case proceeded routinely, and no venue questions were raised by any party or the Court throughout the administration of the case. On July 3, 2023, Ewert filed this adversary proceeding to have her student loans discharged as an undue hardship under 11 U.S.C. § 523(a)(8). The DOE subsequently filed a Motion to Dismiss Adversary Proceeding, or in the alternative Motion to Change Venue from Northern District of Iowa to Western District of Wisconsin. The DOE argued that venue is improper in both her main case and this adversary proceeding since Ewert's filings indicate that she resides in the Western District of Wisconsin, not the Northern District of Iowa. Based on her residency, the DOE argues that the Court should either dismiss the case or transfer venue to the Western District of Wisconsin. At the hearing, Ewert argued that since the underlying bankruptcy case was administered in the Northern District of Iowa without objection, venue was still proper for this associated adversary proceeding. The Court agrees with the DOE.

## II. DISCUSSION AND ANALYSIS

As the Court stated at the August 4th hearing, this Court's practice generally has been to grant transfers of venue of bankruptcy cases upon a party's objection if venue is improper. See In re J.G. Robins, Inc., 2003 WL 22006015, at *3 (Bankr.

2

N.D. Iowa Aug. 22, 2003) ("It has been a long standing policy of the Judges for the Northern District of Iowa that they will administer cases improperly filed in this District so long as no venue objections are lodged. However, if an objection to venue is properly and timely made, the case will be dismissed or more likely transferred to the proper venue. The Court finds no reason to depart from this policy here.

### A. Ewert's Main Case Lacks Proper Venue and the Court Is Required to Dismiss or Transfer This Adversary Proceeding.

The Federal Rules of Bankruptcy Procedure provide for the venue transfer of adversary proceedings in Rule 7087 as follows:

> On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).

Fed. R. Bankr. P. 7087. Rule 7019(2) is not applicable here so the Court will focus on 11 U.S.C. § 1412, which states:

> A district court *may* transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412 (emphasis added). The DOE, however, relies on §1408 and Fed. R. Bankr. P. 1014 in its Motion, arguing that Ewert's main case lacks proper venue under §1408 and, therefore, Rule 1014(a)(2) requires the Court to dismiss or transfer this case and adversary proceeding. See Fed. R. Bankr. P. 1014(a)(2) ("If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States

3

trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."). The DOE argues that that since Ewert did not reside in the Northern District of Iowa and did not reside in the Northern District of Iowa for 180 days before she filed for Chapter 7 bankruptcy, Ewert does not have proper venue for her main case or for this adversary proceeding. The DOE cites to § 1408(1), excerpted in relevant part as follows:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district . . . .

28 U.S.C. § 1408(1). Here the record is clear. Debtor did not file her Chapter 7 petition in the proper venue and therefore both her main case and this adversary proceeding must be dismissed or transferred to the Western District of Wisconsin. The Court is without authority to pursue the permissive analysis under § 1412 for this adversary proceeding because venue is improper in Ewert's main bankruptcy case. See, e.g., In re Stone, 2016 WL 4150333, at *2 (Bankr. N.D. Iowa Aug. 3, 2016) (collecting cases).

4

### III. Conclusion

For all the foregoing reasons, the Court GRANTS the DOE's Motion to Change Venue from Northern District of Iowa to Western District of Wisconsin. The Clerk of this Court is hereby directed to transfer all the papers on file in Ewert's main case and adversary proceeding together with a copy of the docket to the clerk of the bankruptcy court for the Western District of Wisconsin.

Ordered:

/s/ Thad J. Collins
Thad J. Collins
Chief Bankruptcy Judge

March 18, 2024